UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

THOMAS P. WILLIAMS, SR., :
    Plaintiff, :
     :
    v. : No. 5:21-cv-00058
     :
STATE FARM, :
    Defendant. :

# **O P I N I O N**

### Motion to Dismiss, ECF No. 5 – Granted

**Joseph F. Leeson, Jr.**                                                                                 **June 29, 2021**
**United States District Judge**

## I.     INTRODUCTION

This matter concerns an action filed by Plaintiff Thomas P. Williams, Sr. against State Farm, involving claims of breach of contract and bad faith. State Farm moves to dismiss only Williams' bad faith claim against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). State Farm moves to dismiss Williams' bad faith claim on two main theories. First, it asserts Williams failed to plead sufficient facts to establish a bad faith claim. Second, it asserts Williams lacks standing to plead a bad faith claim. Williams opposes the motion. For the reasons set forth below, State Farm's motion is granted.

## II. BACKGROUND

### A. Facts Alleged in the Complaint[1]

On or about January 26, 2020, a property located in Easton, PA suffered damage as the result of a fire. *See* Compl. ¶ 5, ECF No. 1. Subsequently, the property owner filed a claim with its insurance provider, State Farm, who agreed to cover the damage to the property. *See id.* ¶ 6. Thereafter, on or about January 27, 2020, Williams purchased an Assignment of Proceeds ("Assignment") of State Farm's insurance policy from the property owner. *See id.* ¶ 8. Williams immediately informed State Farm that he was now the beneficiary of the proceeds from the insurance policy, *see id.* ¶ 9, and he provided State Farm with a copy of the Assignment, *see id.* ¶ 10.

Williams received estimates for the repairs and restoration of the property, which he forwarded to State Farm on February 12, 2020. *See id.* ¶¶ 12-13. State Farm issued Williams partial payment but still owes him $75,683.76. *See id.* ¶ 15. For several months, Williams made repeated requests for State Farm to issue the owed proceeds but received no response. *See id.* ¶ 14. Williams asserts that State Farm is "intentionally" and "deliberately" ignoring his demands for payment, *see id.* ¶ 33, and that it has "willfully" withheld payment while failing to give any justification or reason for doing so, *see id.* ¶ 27. Williams claims that State Farm "has breached its fiduciary duty of good faith and fair dealing" and brings a bad faith claim against State Farm. *See id.* at ¶ 34.

---

[1] The Court takes these allegations from Williams' Complaint.

B.     **Procedural Background**

Williams commenced this action with the filing of his Complaint on November 22, 2020, in the Lehigh County Court of Common Pleas. *See* Notice of Removal 1, ECF No. 1. State Farm subsequently removed the action to the United States District Court for the Eastern District of Pennsylvania on January 6, 2021. *See id.* at 2. Thereafter, State Farm moved to dismiss Williams' bad faith claim. *See* ECF No. 3. State Farm filed an amended motion to dismiss the same day. *See* ECF No. 5. Williams filed a brief in opposition to the motion to dismiss on February 19, 2021. *See* ECF No. 7. State Farm filed a reply in further support of its amended motion to dismiss on March 5, 2021. *See* ECF No. 9.

## III.   LEGAL STANDARD

A.     **Review of Motion to Dismiss**

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the appropriate pleading standard in civil cases and set forth the approach to be used when deciding motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

After identifying a claim's necessary elements,[2] district courts must "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see id.* at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Thourot v. Monroe Career & Tech. Inst.*, No. CV 3:14-1779, 2016

---

[2]     The Third Circuit has identified this approach as a three-step process, with identification of a claim's necessary elements being the first step. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 n.4 (3d Cir. 2016) ("Although *Ashcroft v. Iqbal* described the process as a 'two-pronged approach,' 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675-79. Thus, we have described the process as a three-step approach.") (citation omitted).

WL 6082238, at *2 (M.D. Pa. Oct. 17, 2016) (explaining that "[a] formulaic recitation of the elements of a cause of action" alone will not survive a motion to dismiss). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679.

Next, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This standard, commonly referred to as the "plausibility standard," "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556-57). It is only where the "[f]actual allegations . . . raise a right to relief above the speculative level" that the plaintiff has stated a plausible claim.[3] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Putting these steps together, the Court's task in deciding a motion to dismiss for failure to state a claim is to determine the following: whether, based upon the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face in light of the claim's necessary elements. *See Ashcroft*, 556 U.S. at 679; *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set

---

[3]  As the Supreme Court has observed, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

out 'sufficient factual matter' to show that its claims are facially plausible."); *see Connelly*, 809 F.3d at 787.

In adjudicating a Rule 12(b)(6) motion, the scope of what a court may consider is necessarily constrained: a court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *United States v. Gertsman*, No. CV 15-8215, 2016 WL 4154916, at *3 (D.N.J. Aug. 4, 2016) (quoting *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013)). A court adjudicating a Rule 12(b)(6) motion may also take judicial notice of certain undisputed facts. *See Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, No. CV 15-3435, 2017 WL 5668053, at *9 (E.D. Pa. Nov. 27, 2017).

B. **Standing to Raise a Claim of Bad Faith– Review of Applicable Law**

Title 42 Pa. Cons. Stat. § 8371 provides that

> [i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.

42 Pa. Con. Stat. § 8371.

Not all plaintiffs have standing to bring a bad faith claim. "Pennsylvania law makes clear that the insurer's duty to act in good faith belongs to those persons who qualify as 'insureds' under the policy." *Int'l Mgmt. Consultants, Inc. v. Cont'l Cas. Co.*, No. 14-CV-4924, 2016 WL 1535705, at *3 (E.D. Pa. Apr. 14, 2016) (citing *Seasor v. Liberty Mut. Ins. Co.*, 941 F. Supp. 488, 490 (E.D. Pa. 1996)). Section 8371 "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007).

In *Allstate Prop. & Cas. Ins. Co. v. Wolfe*, the Pennsylvania Supreme Court addressed "whether, under Pennsylvania law, an insured may assign the right to recover damages from his insurance company deriving from the insurer's bad faith toward the insured." 105 A.3d 1181, 1182 (Pa. 2014). "The Pennsylvania Supreme Court concluded that 'the entitlement to assert damages under Section 8371 may be assigned by an insured to an injured plaintiff and judgment creditor.'" *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 491 (3d Cir. 2015); *see also Feingold v. Palmer & Barr*, 831 Fed. App'x. 608, 609 n.5 (3d Cir. 2020) ("Pennsylvania Supreme Court . . . expressly limited assignments of bad faith claims to 'an injured plaintiff and judgment creditor.'" (quoting *Allstate Prop. & Cas. Ins. Co.*, 105 A.3d at 1188)).

### C. Bad Faith Insurance Claims – Review of Applicable Law

Bad faith on the part of an insurer is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent."[4] *Wolfe*, 790 F.3d at 498 (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). In instances where an insurance carrier refuses or fails to pay a claim, "such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing)." *See id.* Furthermore, "[b]ad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Dougherty v. Allstate Prop. & Cas. Ins. Co.*, 185 F. Supp. 3d 585, 598 (E.D. Pa. 2016)). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on

---

[4] The Third Circuit elaborated that "[a]lthough the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

6
062921

conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)).

To state a claim for bad faith under 42 Pa. Cons. Stat. § 8371, a plaintiff "must show by clear and convincing evidence that [1] the insurer did not have a reasonable basis for denying benefits under the policy and [2] that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe*, 790 F.3d at 498 (quoting *Terletsky*, 649 A.2d at 688).

To satisfy the first part of the *Terletsky* test, a plaintiff must allege the defendant "did not have a reasonable basis for denying benefits." *Wolfe*, 790 F.3d at 498. This part has "been interpreted to cover a range of insurer conduct. Pennsylvania courts recognize that bad faith may extend to an insurer's lack of good faith investigation or *failure to communicate* with the claimant." *White v. Travelers Ins. Co.*, No. 20-CV-2928, 2020 WL 7181217, at *4 (E.D. Pa. Dec. 7, 2020) (emphasis added) (citing *Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1149 (Pa. Super. Ct. 2013)). However, a "mere averment that an insurer had no reasonable basis for refusing to reimburse a plaintiff is a conclusory legal statement, not a factual allegation." *Kelley v. State Farm Fire & Cas. Co.*, No. 19-CV-0626, 2019 WL 2425135, at *2 (E.D. Pa. June 10, 2019). Similarly, "[a] reasonable basis is all that is required to defeat a claim of bad faith." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)).

The second part of the *Terletsky* test requires the plaintiff to show that the "insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *See Wolfe*, 790 F.3d at 498 (quoting *Terletsky*, 649 A.2d at 688). "If pleading bad faith delay, the mere existence of the delay itself is insufficient." *Id.* (citing *Shaffer v. State Farm Mut. Auto. Ins. Co.*, No. 1:13-

CV-01837, 2014 WL 5325340, at *7 (M.D. Pa. Oct. 20, 2014)). Simply pleading a delay is insufficient because "accident claims investigations can take months even without aggravating factors." *Wiener v. Banner Life Ins. Co.*, No. 02-CV-1351, 2003 U.S. Dist. LEXIS 4957, at *23 (E.D. Pa. Feb. 28, 2003).

"In bad faith cases premised on an insurer's delay and failure to communicate, courts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months." *White*, 2020 WL 7181217, at *5. *See, e.g.*, *Grossi*, 79 A.3d at 1152 (finding a one-year delay was "not *per se* bad faith . . ."); *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, No. 5:19-CV-04016, 2020 WL 405606, at *5 (E.D. Pa. Jan. 24, 2020) (asserting a two-year delay is sufficient to plead bad faith under § 8371).

## IV. DISCUSSION

Title 42 Pa. Cons. Stat. § 8371 provides the bad faith right of action upon which Williams bases his claim against State Farm. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) ("A claim based on an insurer's bad faith conduct against an insured is recognized in Pennsylvania by means of § 8371."). State Farm moves to dismiss Williams' bad faith claim on the grounds that Williams has failed to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A review of the Complaint reveals that Williams does not allege standing to bring a bad faith claim, and he fails to allege facts that would state a bad faith claim. For these reasons, State Farm's motion is granted, and Williams' bad faith claim is dismissed without prejudice.[5]

---

[5] State Farm also argues that the original property owner had not successfully assigned its bad faith claim to Williams. *See* Def.'s Am. Mot. Dismiss ¶ 32, ECF No. 5. When interpreting a contract between parties, "the parties' intentions control." *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015). Here, even if the Court assumes that it was the intention of the

### A. Williams does not plead standing to bring a bad faith claim.

The Pennsylvania Supreme Court has addressed "whether, under Pennsylvania law, an insured may assign the right to recover damages from his insurance company deriving from the insurer's bad faith toward the insured." *Wolfe*, 105 A.3d at 1182. In *Wolfe*, Wolfe was the one injured by the subject motor vehicle collision, making him an injured plaintiff. *See id.* Moreover, Wolfe held a judgment against the tortfeasor in the collision, making him a judgment creditor.[6] *See id.* Accordingly, the Pennsylvania Supreme Court determined that Wolfe had standing to bring a bad faith claim as an assignee. *See id.* at 1188. Here, Williams was not the owner of the property when the property was damaged by the fire, and Williams does not allege that he is a creditor to any judgment related to the fire. Because Williams does not allege that he is both an "injured plaintiff" and "judgment creditor", he lacks standing to bring a bad faith claim against State Farm. Accordingly, State Farm's motion to dismiss is granted, and Williams' bad faith claim is dismissed without prejudice and with leave to amend.

### B. Williams has not sufficiently pleaded a claim of bad faith.

Assuming, *arguendo*, that Williams pleaded standing to bring a bad faith claim against State Farm, he has failed to plead sufficient facts to make out a plausible claim. Williams asserts that despite his repeated requests for payment, State Farm failed to issue the remaining proceeds under the insurance policy. *See* Compl. ¶ 25. Additionally, Williams claims he specifically requested payment, but State Farm "willfully" refused to remit payment and has given Williams no justification for its refusal. *See id.* ¶ 27. Williams alleges that State Farm lacks a reasonable

---

original property owner to assign Williams the bad faith claim, it does not alter the outcome because Williams has failed to plead standing and otherwise state a claim.
[6] "A person having a legal right to enforce execution of a judgment for a specific sum of money." *Judgment Creditor*, Black's Law Dictionary (11th ed. 2019).

basis for its actions, *see id.* ¶ 30, and that it "intentionally and deliberately" ignored his requests, *see id.* ¶ 33. Any bald assertion that State Farm acted "willfully," "intentionally," or "deliberately" is a legal conclusion, which this Court need not accept as true.

However, this first part of the *Terletsky* test may be established by "an insurer's lack of good faith investigation or *failure to communicate* with the claimant." *White*, 2020 WL 7181217, at *4 (emphasis added) (citing *Grossi*, 79 A.3d at 1149). Because Williams pleaded that he had attempted to contact State Farm on multiple occasions, and that he was not given a sufficient reason to why it refused his claim, it is facially plausible that State Farm failed to adequately communicate with Williams.

Notwithstanding, Williams fails to sufficiently plead the second part of the *Terletsky* test, that the "insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe*, 790 F.3d at 498 (quoting *Terletsky*, 649 A.2d at 688). Many courts have found that "a long period of time between demand and settlement does not, on its own, necessarily constitute bad faith." *Bernstein v. Geico Cas. Co.*, No. 19-CV-1899, 2020 WL 1308226, at *4 (E.D. Pa. Mar. 19, 2020) (citing *Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 572 (E.D. Pa. 2000)) (finding no bad faith when an insurer delayed its investigation of insured's claim for fifteen months); *see also Elansari v. First Liberty Ins. Corp.*, No. 2:20-CV-5901-JDW, 2021 WL 1814980, at *3 (E.D. Pa. May 6, 2021) ("The [c]ourt cannot infer recklessness based only on a nine-month delay of an additional payment."); *3039 B St. Assocs., Inc. v. Lexington Ins. Co.*, 740 F. Supp. 2d 671, 682 (E.D. Pa. 2010) ("[E]ven if all delay were attributable to the insurer, a period of approximately thirteen months . . . would not, without more, be sufficient to establish bad faith." (citing *Quaciari v. Allstate Ins. Co.*, 998 F. Supp. 578, 582-83 (E.D. Pa. 1998))); *Doherty v. Allstate Indem. Co.*, No. 15-CV-05165, 2017 WL 1283942, at *40 (E.D. Pa.

Apr. 6, 2017) ("'[S]pans of thirteen to fifteen months to process claims are reasonable' and do not automatically give rise to bad faith claims." (quoting *Morrisville Pharm., Inc. v. Hartford Cas. Ins. Co.*, No. 09-CV-2868, 2010 WL 4323202, at *5 n.40 (E.D. Pa. Oct. 29, 2010))); *Segall v. Liberty Mut. Ins. Co.*, No. 99-CV-6400, 2000 WL 1694026, at *2 (E.D. Pa. Nov. 9, 2000) (finding 11 months to settle a motorist's claim was not bad faith).

Here, on or about February 12, 2020, Williams' contractor provided State Farm with repair and restoration estimates for the property. *See* Compl. ¶ 13. Thereafter, having made repeated requests of State Farm for the proceeds of the claim and receiving no response, Williams filled his initial Complaint with the Court of Common Pleas of Lehigh County on November 22, 2020. *See id.* ¶ 14. From Williams' provision of the estimates to State Farm on February 12, 2020, to Williams filing his initial Complaint on November 22, 2020, approximately nine months elapsed. Even if the Court provides Williams the benefit of measuring the time from January 26, 2020, the date of the fire, the period of time is approximately only ten months. *See id.* ¶ 5. Assuming *arguendo* that the entirety of this delay was attributable to State Farm, a period of nine or ten months, without more, is insufficient to establish bad faith.

Moreover, Williams fails to plead any facts, other than the delay itself, to bring the bad faith claim within the realm of plausibility. Without a longer delay or other facts to sustain a bad faith claim, Williams has not pleaded facts sufficient to plausibly allege the second part of his bad faith claim under *Terletsky*. Therefore, Williams's bad faith claim is dismissed.

V.  **CONCLUSION**

Williams lacks the standing required to bring a bad faith claim against State Farm as he is not an injured plaintiff and judgment creditor. Additionally, Williams has failed to satisfy the

*Terletsky* test with his factual allegations.  Accordingly, State Farm's partial motion to dismiss is granted, and Williams' bad faith claim is dismissed without prejudice.  Williams is granted leave to amend his Complaint.[7]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7] *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  At this time, the Court cannot say whether it would be inequitable or futile to permit a curative amendment.  Accordingly, Williams is granted leave to file an amended complaint to the extent that he is capable of pleading facts that resolve the deficiencies described above.