UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

THOMAS P. WILLIAMS, SR.,          :
           Plaintiff,          :
                     :
          v.          :          No. 5:21-cv-00058
                     :
STATE FARM,          :
           Defendant.          :

_____

**O P I N I O N**
**Partial Motion to Dismiss, ECF No. 21 – Granted**

**Joseph F. Leeson, Jr.**                              **September 9, 2021**
**United States District Judge**

## I.    INTRODUCTION

This matter concerns an action filed by Plaintiff Thomas P. Williams, Sr. against State

Farm, involving claims of breach of contract and bad faith.  On June 29, 2021, this Court granted

State Farm's motion to dismiss Williams' bad faith claim.  On July 28, 2021, Williams filed an

Amended Complaint, in which he realleges a bad faith claim.  State Farm again moves to dismiss

Williams' bad faith claim.  Williams failed to timely respond to the present motion.  For

substantially the same reasons as those set forth in this Court's Opinion dated June 29, 2021,

Williams' bad faith claim is dismissed with prejudice.

## II.    BACKGROUND[1]

On or about January 26, 2020, a property located in Easton, Pennsylvania suffered

damage as the result of a fire.  *See* Am. Compl. ¶ 7, ECF No. 16.  Subsequently, the property

---

[1]    The Court takes these allegations from Williams' Amended Complaint.

owner filed a claim with its insurance provider, State Farm, who agreed to cover the damage to the property. *See id.* ¶ 8.  Thereafter, on or about January 27, 2020, Williams purchased an Assignment of Proceeds ("Assignment") of State Farm's insurance policy from the property owner. *See id.* ¶ 10.  Williams immediately informed State Farm that he was now the beneficiary of the proceeds from the insurance policy, *see id.* ¶ 11, and he provided State Farm with a copy of the Assignment, *see id.* ¶ 12.

Williams received estimates for the repairs and restoration of the property, which he forwarded to State Farm on February 12, 2020. *See id.* ¶¶ 14-15.  State Farm issued Williams partial payment but still owes him $75,683.76. *See id.* ¶ 17.  For several months, Williams made repeated requests of State Farm to issue the owed proceeds but received no response. *See id.* ¶ 16.  Williams asserts that State Farm is "intentionally" and "deliberately" ignoring his demands for payment, *see id.* ¶ 69, and that it has "willfully" withheld payment while failing to give any justification or reason for doing so, *see id.* ¶ 61.  Williams claims that State Farm "has breached its fiduciary duty of good faith and fair dealing," and he brings a bad faith claim against State Farm. *See id.* at ¶ 70.

Williams commenced this action with the filing of his Complaint on November 22, 2020, in the Lehigh County Court of Common Pleas. *See* Notice of Removal 1, ECF No. 1.  State Farm removed the action to the United States District Court for the Eastern District of Pennsylvania on January 6, 2021. *See id.* at 2.  Thereafter, this Court granted State Farm's motion to dismiss Williams' bad faith claim. *See* Op. 6/29/21, ECF No. 13; Order 6/29/21, ECF No. 14.  Williams filed an Amended Complaint on July 28, 2021. *See* Am. Compl.  State Farm again moves to dismiss Williams' bad faith claim. *See* Mot., ECF No. 21.  Williams' response

was due on or before September 7, 2021.[2]  Williams failed to file a timely response to this motion.

## III.    LEGAL STANDARD

### A.    Motion to Dismiss – Review of Applicable Law

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the appropriate pleading standard in civil cases and set forth the approach to be used when deciding motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

After identifying a claim's necessary elements,[3] district courts must "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see id.* at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Thourot v. Monroe Career & Tech. Inst.*, No. CV 3:14-1779, 2016 WL 6082238, at *2 (M.D. Pa. Oct. 17, 2016) (explaining that "[a] formulaic recitation of the elements of a cause of action" alone will not survive a motion to dismiss).  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft*, 556 U.S. at 679.

---

[2]      *See* E.D. PA. LOC. R. CIV. P. 7.1(c) ("[A]ny party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief.").

[3]      The Third Circuit has identified this approach as a three-step process, with identification of a claim's necessary elements being the first step.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 n.4 (3d Cir. 2016) ("Although *Ashcroft v. Iqbal* described the process as a 'two-pronged approach,' 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675-79.  Thus, we have described the process as a three-step approach.") (citation omitted).

Next, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This standard, commonly referred to as the "plausibility standard," "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556-57). It is only where the "[f]actual allegations . . . raise a right to relief above the speculative level" that the plaintiff has stated a plausible claim.[4] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Putting these steps together, the Court's task in deciding a motion to dismiss for failure to state a claim is to determine the following: whether, based upon the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face in light of the claim's necessary elements. *See Ashcroft*, 556 U.S. at 679; *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019) ("To avoid dismissal under Rule 12(b)(6), a civil complaint must set out 'sufficient factual matter' to show that its claims are facially plausible."); *see Connelly*, 809 F.3d at 787.

In adjudicating a Rule 12(b)(6) motion, the scope of what a court may consider is necessarily constrained: a court may "consider only the complaint, exhibits attached to the

---

[4]     As the Supreme Court has observed, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *United States v. Gertsman*, No. CV 15-8215, 2016 WL 4154916, at *3 (D.N.J. Aug. 4, 2016) (quoting *Guidotti v. Legal Helpers Debt Resolution*, L.L.C., 716 F.3d 764, 772 (3d Cir. 2013)).  A court adjudicating a Rule 12(b)(6) motion may also take judicial notice of certain undisputed facts.  *See Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, No. CV 15-3435, 2017 WL 5668053, at *9 (E.D. Pa. Nov. 27, 2017).

### B.        Standing to Raise a Claim of Bad Faith– Review of Applicable Law

Title 42 Pa. Cons. Stat. § 8371 provides that

> [i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.  (2) Award punitive damages against the insurer.  (3) Assess court costs and attorney fees against the insurer.

42 Pa. Con. Stat. § 8371.

Not all plaintiffs have standing to bring a bad faith claim.  "Pennsylvania law makes clear that the insurer's duty to act in good faith belongs to those persons who qualify as 'insureds' under the policy." *Int'l Mgmt. Consultants, Inc. v. Cont'l Cas. Co.*, No. 14-CV-4924, 2016 WL 1535705, at *3 (E.D. Pa. Apr. 14, 2016) (citing *Seasor v. Liberty Mut. Ins. Co.*, 941 F. Supp. 488, 490 (E.D. Pa. 1996)).  Section 8371 "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007).

In *Allstate Prop. & Cas. Ins. Co. v. Wolfe*, the Pennsylvania Supreme Court addressed "whether, under Pennsylvania law, an insured may assign the right to recover damages from his insurance company deriving from the insurer's bad faith toward the insured."  105 A.3d 1181, 1182 (Pa. 2014).  "The Pennsylvania Supreme Court concluded that 'the entitlement to assert

damages under Section 8371 may be assigned by an insured to an injured plaintiff and judgment creditor.'"  *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 491 (3d Cir. 2015); *see also Feingold v. Palmer & Barr*, 831 Fed. App'x 608, 609 n.5 (3d Cir. 2020) ("Pennsylvania Supreme Court . . . expressly limited assignments of bad faith claims to 'an injured plaintiff and judgment creditor.'"  (quoting *Wolfe*, 105 A.3d at 1188)).

## IV.    DISCUSSION

As this Court fully set forth in its Opinion dated June 29, 2021, The Pennsylvania Supreme Court has held that "the entitlement to assert damages under Section 8371 may be assigned by an insured to an injured plaintiff and judgment creditor."  *Wolfe*, 790 F.3d at 491-92 (quoting *Wolfe*, 105 A.3d at 1188).  This Court previously dismissed Williams' bad faith claim because he failed to allege that he was a judgment creditor and injured plaintiff.  *See* Op. 6/29/21 at 11.  This Court permitted Williams leave to amend "to the extent that he is capable of pleading facts that resolve the deficiencies" that this Court identified.  *See id.* at 12, n.7.  Notwithstanding, Williams fails to plead any new facts in his Amended Complaint to remedy the standing deficiency.

Beginning with Williams' status as an injured plaintiff, Williams does not allege that he was the owner of the property when the property was damaged by the fire.  Williams instead alleges that "Plaintiff's standing as the injured and proper party is conferred upon Plaintiff directly through the assignment of rights . . . ."  *See* Am. Compl. ¶ 47.  Notwithstanding, this allegation ignores the clear import of *Wolfe*.  *Wolfe* determined that the assignment of proceeds, in and of itself, was insufficient to confer standing to bring a bad faith claim.  *See Wolfe*, 105 A.3d at 1188.  Accordingly, Williams' argument that the assignment itself confers standing upon him is unavailing.

In an effort to point to an injury, Williams alleges that he, a plaintiff, was injured through State Farm's "bad faith failure to honor" the policy. *See* Am. Compl. ¶ 50. However, this too is a misconstruction of *Wolfe*. Wolfe was an injured plaintiff because he sustained injury as part of the claim that undergirded his contractual dispute with defendant Allstate. *See Wolfe*, 105 A.3d at 1182. Wolfe's injury was not confined to Allstate's refusal to timely pay his claim, but instead, Wolfe suffered injury in the car accident that *gave rise* to the insurance claim. *See id.* Here, Williams does not allege that he suffered injury as a result of the fire that underlies this contractual action. Rather, Williams solely asserts that he was injured by State Farm's failure to honor the terms of the policy. Such injury is not the sort contemplated by *Wolfe*.[5] Accordingly, Williams does not allege that he is an injured plaintiff with respect to the underlying insurance claim.

Moreover, assuming *arguendo* that Williams sufficiently alleges that he is an injured plaintiff, Williams fails to plausibly allege that he is a creditor to any judgment related to the fire. Williams again attempts to allege that the assignment itself satisfies the requirements of *Wolfe*. *See* Am. Compl. ¶ 48 ("As the assignee of the proceeds of the insurance claim and payment, [Williams] is a creditor to the proceeds of the insurance policy that Defendant admits covers the loss due to the fire as set forth above."). However, this effort is unavailing, as the Court in *Wolfe* did not treat Wolfe's assignment as sufficient to render him a "judgment creditor." *See Wolfe*, 105 A.3d at 1182 (indicating Wolfe held a judgment against defendant insurer for a total of $60,000). Williams fails to allege any judicial judgment related to the fire to which he is a creditor.

---

[5] To be sure, under Williams' reading of the "injured plaintiff" requirement, any assignee who disputes the insurer's handling of his claim would be considered "injured." This reading would effectively render the injured plaintiff requirement superfluous.

Since Williams does not allege that he is both an injured plaintiff and judgment creditor, he lacks standing to bring a bad faith claim against State Farm.  Accordingly, State Farm's motion to dismiss is granted, and Williams' bad faith claim is dismissed with prejudice.[6]

## V.      CONCLUSION

Williams lacks the standing required to bring a bad faith claim against State Farm as he fails to plausibly allege that he is an injured plaintiff and judgment creditor.  Accordingly, State Farm's partial motion to dismiss is granted, and Williams' bad faith claim is dismissed with prejudice.

A separate Order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[6]      The dismissal is one with prejudice because to permit another amendment would be to work an inequity against State Farm.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  Williams was provided an opportunity to cure the defects in his bad faith claim.  In dismissing his bad faith claim on June 29, 2021, this Court pointed to specific factual deficiencies and provided Williams with the standing requirements set forth by the Pennsylvania Supreme Court.  Despite notice of the requirements, Williams' new allegations do not cure the preexisting factual defects related to his standing.  *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").  For the reasons discussed above, and in light of the first opportunity to amend, it would be inequitable to allow Williams further leave to amend his bad faith claim.